[No. 2134.]

THE CLEAR CREEK LEASING, MINING AND MILLING COMPANY v. THE COMSTOCK GOLD-SILVER MINING AND MILLING COMPANY ET AL.

**Mines and Mining—Lease—Contracts—Development Work.**

A contract for lease of a mine for two years required the lessee to continuously work the mine with reasonable diligence and in a workmanlike manner and to keep the same timbered during the term of the lease, and in case of failure the lease was to become void. The lessee also covenanted to do a certain amount of development work at certain stated periods during the term. Held, that the special covenant to do the development work did not control the general covenant to work the mine continuously, and that a discontinuance of mining operations for two months forfeited the lease, and that the pumping of water from the mine during that two months did not satisfy the covenant to work the mine continuously.

*Appeal from the District Court of Clear Creek County.*

Messrs. MORRISON & DE SOTO, for appellant.

Messrs. TELLER & ORAHOOD, for appellees.

THOMSON, J.

On the 16th day of May, 1898, a contract in writing was entered into between The Comstock Gold and Silver Mining Company and Edward C. Eddie, whereby the former leased to the latter the Comstock lode mining claim, the Comstock extension lode mining claim, and the Safe lode mining claim, subject to an adjustment of a controversy concerning seventy-five feet of the Comstock claim, for the term of two years, for the purpose of mining. By the terms of the contract the lessee was required to commence work on the premises within one month from its date, "and work the same continuously and with reasonable diligence, in a thorough and workmanlike manner, keeping the same securely timbered in all parts during the term of this lease." The contract also provided that in case the lessee should fail to work the premises continuously, with reasonable diligence and in a workmanlike manner, or should fail to keep the same securely timbered, it should be lawful for the lessor to declare the lease void, and enter upon and take possession of the premises.

On the 21st day of July, 1898, with the consent of the lessor, the lease was assigned by Eddie to The Clear Creek Leasing, Mining and Milling Company. On the 21st day of November, 1898, the lessor caused written notice to be served upon the Clear Creek company, that by reason of its failure to comply with the terms of the lease it had forfeited its rights thereunder, and that it was required to deliver immediate possession of the premises to the lessor. Thereupon The Comstock Gold and Silver Mining and Milling Company entered into the possession of the demised premises.

The purpose of this litigation is to determine whether The Clear Creek Leasing, Mining and Milling Company, on the 21st day of November, 1898, had forfeited its rights under the lease. The proceed-

ing was instituted by the Clear Creek company.

After hearing the evidence, the court found the issue for the defendant, The Comstock Gold and Silver Mining and Milling Company, and adjūdged a forfeiture of the lease. The plaintiff appeals to this court.

The abstract of the record furnished by the plaintiff is exceedingly meager, but it is presumed to contain all that counsel regard as important. We find in it sufficient evidence to warrant a finding that there had been no mining operations in the leased premises, through their own workings, for two months prior to the service of notice. There was some evidence that, during those two months, levels were being extended from an adjoining claim, called the Doves Nest, into the leased property, and that it was proposed to operate the latter through them. What amount of such work was actually done, is not stated. It is admitted, however, by counsel for the plaintiff in their argument, that about two months before the notice of forfeiture, the working force was transferred from the Comstock properties to the Doves Nest.

Now, if the continuous work required by the contract to be done upon the demised premises could be done upon the Doves Nest, or through its workings, we find nothing in the abstract to indicate that such work was so done. But even if, as a matter of fact, it was, the evidence, so far as the abstract gives it, is that it was not done by the plaintiff. On the 20th day of September, 1898, the Doves Nest property was leased by its owners to Mr. Eddie, the original lessee of the Comstock, and he assigned the lease to a corporation called The Gold Discovery Company. So far as appears, it was this corporation and not the plaintiff, that did whatever work was done upon the property. The original lessee from the Comstock

company bound himself to work continuously upon the demised premises; and the plaintiff, as his assignee, is held to the performance of his covenants. But on the 20th day of September, 1898, the plaintiff withdrew its working force from those premises, and, except operating the pump, did no further work there. Neither for the purpose of mining within the leased premises did it do further work anywhere.

But it is said that pumping water out of the mine was sufficient to satisfy the requirements of the lease concerning work. We hardly think that counsel advance this proposition seriously. The property was leased for mining purposes. Ore was to be extracted, and out of its proceeds certain royalties paid to the lessor. The men employed for mining purposes were withdrawn, and the subsequent work confined to pumping water. Pumping water is not extracting ore. In connection with mining operations it might be profitable work, but alone it would never produce a dividend.

The lease contained the following covenant:

"Party of the second part agrees that he will do one hundred (100) feet of development work on said property during the second six months of the term of this lease; one hundred (100) feet of development work during the third six months of the term of this lease, and one hundred (100) feet of development work during the fourth six months of the term of this lease."

It is contended that this covenant, being special, controls the general covenant to work continuously. We are not sure that we understand counsel; but if they mean that the lessee was not required to commence work in earnest until the beginning of the second six months, and that in the meantime the requirements of the lease would be satisfied with inconsequential operations, we must disagree with them.

The property was leased for mining purposes; and, while no specified work during the first six months was required, yet the work done must be continuous and diligent, and must be mining work. The plaintiff evidently so understood the situation, for it conducted active mining operations on the property for the first four months. That it then withdrew its force, and discontinued its work, is the ground of complaint in this proceeding, and was sufficient to warrant the judgment rendered in the cause.

We do not wish it to be understood that we assent for a moment to the proposition that the lessee of a mining claim may extract its values through workings upon another claim, not embraced in the lease, and owned by a stranger, without authority from his lessor; but finding that this plaintiff, after it withdrew its force, did no work on or off the leased premises, we regard a consideration of the proposition in this opinion as unnecessary.

The judgment below was right, and must be affirmed.                              *Affirmed.*